IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02207-OES

PETER GEORGACARAKOS,
    Applicant,

v.

R. WILEY,
    Respondent.

FILED
UNITED STATES DISTRICT COURT
    DENVER, COLORADO

NOV - 9 2005

GREGORY C. LANGHAM
    CLERK



ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant Peter Georgacarakos is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Georgacarakos has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Georgacarakos is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Georgacarakos will be ordered to file an amended pleading.

The court has reviewed the application filed in this action and finds that the claims Mr. Georgacarakos asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Mr. Georgacarakos is not challenging

the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Georgacarakos complains that the prison's general population is subjected to control unit conditions without due process and in violation of the Eighth Amendment.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Georgacarakos raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Georgacarakos is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each Defendant he names personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Georgacarakos must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Georgacarakos must demonstrate in the amended pleading that he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Georgacarakos must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Georgacarakos has not exhausted administrative remedies with respect to each claim he asserts, the entire action must be dismissed.

Finally, because Mr. Georgacarakos' claims properly are asserted in a civil rights action, he must pay the $250.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Georgacarakos will be ordered to make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Georgacarakos file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Georgacarakos, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Georgacarakos fails within the time allowed to file an original and sufficient copies of an amended pleading that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Mr. Georgacarakos shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Georgacarakos is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Georgacarakos must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Georgacarakos fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

DATED at Denver, Colorado, this 9 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 05-cv-02207-OES

Peter Georgacarakos
Reg. No. 03029-036
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 11/9/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk